1  David M. Lilienstein, SBN 218923
   david@dllawgroup.com
2  Katie J. Spielman, SBN 252209
   katie@dllawgroup.com
3  **DL LAW GROUP**
   345 Franklin St.
4  San Francisco, CA 94102
   Telephone: (415) 678-5050
5  Facsimile: (415) 358-8484

6  Attorneys for Plaintiff,
   TIM E.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIM E.,<br><br>    Plaintiff,<br><br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY; and DOES 1 through 10,<br><br>    Defendants. | Case No.<br><br>**PLAINTIFF TIM E.'S COMPLAINT FOR BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 (ERISA); BREACH OF FIDUCIARY DUTY; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |

Plaintiff, TIM E. herein sets forth the allegations of this Complaint against Defendant CIGNA HEALTH AND LIFE INSURANCE COMPANY ("Cigna"); and DOES 1 through 10.

### PRELIMINARY ALLEGATIONS

### JURISDICTION

1. Plaintiff brings this action for relief pursuant to Section 502 (a) (1) (B) and Section 502 (a) (3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Section 1132 (a) (1) (B). This Court has subject matter jurisdiction over Plaintiff's claim pursuant to ERISA Section 502 (e) and (f), 29 U.S.C. Section 1132 (e), (f), and (g) and 28 U.S.C. Section 1331 as it involves a claim made by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA.

1. Jurisdiction is predicated under these code sections as well as 28 U.S.C. Section 1331 as this action involves a federal question.

2. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan and enforcing Plaintiff's rights under the terms of an employee benefit plan.

3. Plaintiff seeks relief, including but not limited to: past mental health benefits in the correct amount related to Defendant's improper denial of Plaintiff's claim; prejudgment and post judgment interest; general and special damages; and attorneys' fees and costs.

## PARTIES

4. Plaintiff TIM E. is, and at all times relevant was, a resident of California.

5. At all relevant times, TIM E. participated in the Form Factor Inc. Open Access Plus Health Plan ("the Plan"), an employee welfare benefit plan within the meaning of ERISA section 3(1), 29 U.S.C. § 1002(1).

6. Mental Health benefits under the Plan were at all relevant times administered by Defendant Cigna.

7. Cigna is a health insurance provider authorized to transact and currently transacting the business of insurance in the State of California and is the claims administrator of the Plan and coverage at issue herein.

8. At all relevant times, the Plan was an insurance plan that offered, *inter alia*, mental health benefits to employees and their beneficiaries, including Plaintiff. This action involves mental health claims denied by the Plan's mental health claim administrator.

## FACTS

9. The Plan guarantees, warrants, and promises "Mental Health Services" for members and their beneficiaries, including but not limited to: health care services, mental health care, and treatment at issue herein.

10. G.E. is TIM E.'s daughter, and was, at all relevant times, a beneficiary of the Plan.

11. At all relevant times, the Plan was in full force and effect.

12. The Plan guarantees, promises, and warrants benefits for medically necessary covered health care services.

13. The Plan defines "Medically Necessary" health care services as:

> Health care services, supplies and medications provided for the purpose of preventing, evaluating, diagnosing or treating a Sickness, Injury, condition, disease or its symptoms, that are all of the following as determined by a Medical Director or Review Organization:
> - required to diagnose or treat an illness, Injury, disease or its symptoms;
> - in accordance with generally accepted standards of medical practice;
> - clinically appropriate in terms of type, frequency, extent, site and duration;
> - not primarily for the convenience of the patient, Physician or other health care provider;
> - not more costly than an alternative service(s), medication(s) or supply(ies) that is at least as likely to produce equivalent therapeutic or diagnostic results with the same safety profile as to the prevention, evaluation, diagnosis or treatment of your Sickness, Injury, condition, disease or its symptoms; and
> - rendered in the least intensive setting that is appropriate for the delivery of the services, supplies or medications. Where applicable, the Medical Director or Review Organization may compare the cost-effectiveness of alternative services, supplies, medications or settings when determining least intensive setting.

14. The Plan guarantees coverage for inpatient and outpatient treatment of mental health conditions.

15. California's Mental Health Parity Act, Health & Safety Code §1374.72, as well as the Federal Mental Health Parity and Addictions Equity Act of 2008 ("MHPAEA") specifically require that health care plans provide medically necessary diagnosis, care and treatment for the treatment of specified mental health illnesses at a level equal to the provision of benefits for physical illnesses.

16. California Senate Bill 855 ("SB 855") prohibits health care service plans from limiting benefits or coverage for mental health and substance use disorders to short-term or acute treatment. It also prohibits health insurers that use so-called level of care guidelines to determine mental health claims from using insurer-generated, proprietary guidelines and instead requires the use of guidelines developed by nonprofit organizations familiar with mental health care claims.

17. SB 855 requires health care service plans or insurers to apply specified clinical criteria and guidelines in conducting utilization review of the covered health care services and benefits and prohibits the plan or insurer from applying different, additional, or conflicting criteria than the criteria and guidelines in the specified sources. SB 855 recognizes Level of Care Utilization System, Child and

Adolescent Level of Care Utilization System, Child and Adolescent Service Intensity Instrument, and Early Childhood Service Intensity Instrument (LOCUS/CALOCUS and CASII/ECSII) criteria for mental health disorders as "prime examples of level of care criteria that are fully consistent with generally accepted standards of mental health and substance use care."

18. G.E. was given up for adoption when she was six months old. She was exposed to methamphetamine in utero and was separated from her birth mother at the hospital.

19. G.E. has a long history of mental illness. G.E. was diagnosed with, *inter alia,* disruptive mood dysregulation disorder, major depressive disorder, ADHD, intellectual disability, neurodevelopmental disorder associated with prenatal methamphetamine exposure, and anxiety.

20. By the age of three, G.E. qualified for an individualized education program ("IEP"). As a child and throughout her adolescence, she saw numerous therapists and was prescribed multiple medications to manage her multiple co-morbid mental health conditions.

21. Despite ongoing treatment, G.E.'s conditions continued to worsen.

22. By late 2019, G.E. had become a danger to herself and others. She was violent towards family and made threats of suicide.

23. In early 2020, a mobile crisis services unit was dispatched to G.E.'s school after she wrote a note about not wanting to live anymore and didn't pass the safety assessment her school counselor gave her.

24. By Summer 2020, G.E. posed such a threat to herself and others that she was placed on a 5150 hold. In Fall of 2020, following a suicide attempt, G.E. was again placed on a 5150 hold.

25. At the recommendation of her treatment providers, G.E. was admitted to Blue Fire Wilderness Therapy ("Blue Fire").

26. At all times relevant, G.E.'s treatment at Blue Fire was medically necessary, based upon the reasoned medical opinions of her treaters.

27. At the reasoned medical opinions of her treaters G.E. was subsequently admitted to Waterfall Canyon Academy ("Waterfall Canyon").

28. At all times relevant, G.E.'s treatment at Waterfall Canyon was medically necessary, based upon the reasoned medical opinions of her treaters.

**COMPLAINT**                                                                                     **CASE NO.**

29. Plaintiff filed claims for mental health benefits pursuant to the terms of the Plan for G.E.'s treatment at Blue Fire and Waterfall Canyon.

30. Cigna denied Plaintiff's claims for treatment at Blue Fire and Waterfall Canyon.

31. Cigna denied the Blue Fire claims on the basis of purported policy exclusions and limitations.

32. In denying the Blue Fire claims, Cigna failed to consider G.E.'s multiple, co-morbid mental diagnoses as set forth above in ¶19.

33. Cigna denied the Waterfall Canyon claims on the basis that the requested care was not medically necessary.

34. Plaintiff timely appealed Cigna's denials of G.E.'s claims for treatment at Blue Fire and Waterfall Canyon.

35. Cigna denied Plaintiff's appeals.

36. Not only were Cigna's denials unreasonable in light of the obvious medical necessity for G.E.'s ongoing mental health care, but the denials also violated the California Mental Health Parity Act, as well as the Mental Health Parity and Addictions Equity Act of 2008 ("MHPAEA"), which alone provided a basis for approving all of the care for G.E. that is at issue herein.

37. In denying Plaintiff's claim for care and treatment for G.E. at Waterfall Canyon, in violation of SB 855, Cigna used MCG "level of care guidelines" that are unfair and biased against approving claims for residential treatment such as are at issue herein, and that do not reflect reasonable standards in the medical community.

38. The level of care guidelines used by Cigna to deny G.E.'s care fall below reasonable standards of care in the medical community, as explained by the court in *Wit v. United Behavioral Health*, 2019 WL 1033730 (N.D.Cal. March 5, 2019).

39. Cigna breached the generally accepted standard of care herein by failing to accept and consider that treatment is not limited to simply alleviating an individual's current mental health symptoms, and by ignoring and failing to consider the long-term, chronic nature of G.E.'s mental health needs.

COMPLAINT                                                                                                   CASE NO.

40. Cigna breached the generally accepted standard of care herein by failing to accept and consider that effective treatment of co-morbid, or co-occurring behavioral health disorders requires consideration of the interaction of these disorders, and the implications of these disorders on determining the proper and appropriate level of care.

41. Cigna breached the generally accepted standard of care herein by failing to accept and consider that where there is ambiguity over the proper level of care, that practitioners should err on the side of caution and should place patients in the higher level of care.

42. Cigna breached the generally accepted standard of care herein by improperly focusing on acute symptomology and failing to consider that the same level of care is needed when an acute crisis has passed, and by failing to consider the likelihood of regression and risk of further acute symptomology.

43. Cigna's use of insurer-generated, proprietary guidelines violated the California Mental Health Parity Act.

44. As a result, Plaintiff was forced to pay for G.E.'s care and treatment at Blue Fire and Waterfall Canyon from his own personal funds.

45. Plaintiff has exhausted all administrative remedies regarding the denial of G.E.'s mental health benefits.

**CLAIMS FOR RELIEF**
**FIRST CAUSE OF ACTION**
**Recovery of Benefits Due Under an ERISA Benefit Plan**
**(Against Defendant CIGNA HEALTH AND LIFE INSURANCE COMPANY; DOES 1-10; Enforcement and Clarification of Rights, Prejudgment and Post Judgment Interest, and Attorneys' Fees and Costs, Pursuant to ERISA Section 502(a)(1)(B), 29 U.S.C. Section 1132(a)(1)(B))**

46. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

47. ERISA Section 502(a)(1)(B), 29 U.S.C. Section 1132(a)(1)(B) permits a plan participant to bring a civil action to recover benefits due under the terms of the plan and to enforce Plaintiff's rights under the terms of a plan.

48. At all relevant times, Plaintiff and his daughter, G.E. were insured under the health care plan at issue herein, and Plaintiff's daughter, G.E., met the covered health services and medical necessity criteria for treatment required under the terms and conditions of the Plan.

49. By denying Plaintiff's mental health claim, Defendant has violated, and continues to violate, the terms of the Plan, the terms of ERISA, and Plaintiff's rights thereunder.

50. The provisions of an ERISA plan should be construed so as to render none nugatory and to avoid illusory promises.

**SECOND CAUSE OF ACTION**
**Breach of Fiduciary Duty Under ERISA § 502(a)(3), 29 U.S.C. Section 1132(a)(3)**
**(Against Defendant CIGNA HEALTH AND LIFE INSURANCE COMPANY; DOES 1-10)**

51. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

52. ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A), requires fiduciaries to discharge their duties solely in the interests of employee benefit plan participants and beneficiaries and for the exclusive purpose of providing benefits and defraying reasonable expenses of administering the plan.

53. ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B), requires fiduciaries to discharge their duties with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

54. ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D), requires fiduciaries to discharge their duties in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of ERISA.

55. In committing the acts and omissions herein alleged, Defendant breached their fiduciary duties in violation of ERISA §§ 404(a)(1)(A), (B) and (D), 29 U.S.C. §§ 1104(a)(1)(A)(B) and (D).

56. Plaintiff is further informed and believes, and thereon alleges, that Defendant has failed to disclose to plan participants their use of MCG "level of care guidelines" that are unfair and biased against approving claims for residential treatment such as are at issue herein, and that do not reflect reasonable standards in the medical community. The failure to disclose this information to the plan

1   participants whom it adversely affects, constitutes a breach of fiduciary duties in violation of ERISA §§ 404(a)(1)(A) and (B), 29 U.S.C. §§ 1104(a)(1)(A) and (B).

57.   Plaintiff further alleges that Cigna improperly focused on one diagnosis, ignored co-morbidity issues including but not limited to additional mental health diagnoses attributable to its insureds, all for the purpose of finding a pretext for a claim denial.

58.   Plaintiff further alleges that Cigna improperly relied on purported exclusions and limitations to exclude medically necessary mental health care for its insureds.

59.   Plaintiff further alleges that Cigna's use of exclusions and limitations to deny appropriate and medically necessary mental health care violates both the California Parity Act, as well as the Federal MHPAEA, as those laws and terms are described above.

60.   As a result of Defendant's breaches of fiduciary duty, Plaintiff has been harmed, and the Defendant has been permitted to retain assets and generate earnings on those assets to which Defendant was not entitled.

61.   Wherefore, Plaintiff is entitled to appropriate equitable relief including but not limited to injunction, disgorgement, surcharge, and injunctive relief related to the use of improper mental health level of care guidelines, in violation of California law.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that the Court grant the following relief:

62.   Declare that Defendant violated the terms of the Plan by failing to provide mental health benefits;

63.   Order Defendant to pay the mental health benefits due, together with prejudgment interest on each and every such benefit payment through the date of judgment at the rate of 9% compounded;

64.   For appropriate equitable relief pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), including but not limited to a declaration of Plaintiff's rights hereunder, an injunction against further failure to provide like benefits, an injunction against the failure to consider co-morbid mental health diagnoses when considering mental health claims, an injunction against using policy exclusions and limitations to deny medically necessary mental health treatment, disgorgement of any profits or ill-

**COMPLAINT**                                                                                                                                                 **CASE NO.**

gotten gain realized by any Defendant, and surcharge for any pecuniary injuries Plaintiff has suffered as a consequence of Defendant's breaches of their ERISA fiduciary duties;

65. Award Plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA Section 502(g), 29 U.S.C. Section 1132(g);

66. Provide such other relief as the Court deems equitable and just, including but not limited to injunctive relief as set forth elsewhere in this Complaint; and including but not limited to a declaration from the Court that Cigna violated both the California Mental Health Parity Act and the Federal MHPAEA.

**AS TO ALL CAUSES OF ACTION:** For such other and further relief as the Court deems just and proper.

Dated: December 27, 2021        Respectfully submitted,

**DL LAW GROUP**

By: /s/ *David M. Lilienstein*
David M. Lilienstein
Katie J. Spielman
Attorneys for Plaintiff, TIM E.