James Landon Mink
WFBM LLP
601 Montgomery Street, 9th Floor
San Francisco, CA 94111
Telephone: (415) 781-7072
jmink@wfbm.com

Michael H. Bernstein, *pro hac vice pending*
ROBINSON & COLE LLP
666 3rd Avenue, 20th Floor
New York, New York 10022
Telephone: (212) 940-9900
mbernstein@rc.com

Katherine M. Katchen, *pro hac vice pending*
ROBINSON & COLE LLP
1650 Market Street, Suite 3030
Philadelphia, PA 19103
Telephone: (215) 398-0557
kkatchen@rc.com

*Attorneys for Defendant*
*Cigna Health & Life Insurance Company*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIM E., | Civil Action No. |
| | 4:21-CV-10012-YGR |
| Plaintiff, | |
| v. | |
| | **DEFENDANT CIGNA HEALTH &** |
| CIGNA HEALTH AND LIFE INSURANCE | **LIFE INSURANCE COMPANY'S** |
| COMPANY; and DOES 1 through 10, | **ANSWER TO COMPLAINT** |
| Defendants. | |

DEFENDANT CIGNA HEALTH & LIFE INSURANCE COMPANY'S ANSWER TO COMPLAINT
4:21-CV-10012-YGR                                     1
24884020-v1

Defendant Cigna Health & Life Insurance Company ("Cigna"), by and through its undersigned counsel, submits its Answer to Plaintiff's Complaint ("Complaint") (Doc. No. 1) by responding to the numbered paragraphs of the Complaint as follows:

1. Cigna denies each and every allegation in paragraph "1" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that the employee welfare benefit plan ("Plan") at issue in this matter is governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 *et seq.* ("ERISA") and admits that this Court has subject matter jurisdiction.

2. Cigna denies each and every allegation in paragraph "2" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

3. Cigna denies each and every allegation in paragraph "3" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

**PARTIES**

4. Cigna lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "4" of the Complaint and therefore denies the same.

5. Admitted.

6. Cigna denies each and every allegation in paragraph "6" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that Cigna administered health benefit claims for the Plan, including claims related to mental health services.

7. Cigna denies each and every allegation in paragraph "7" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that Cigna served as a claims administrator for the Plan.

8. Cigna denies each and every allegation in paragraph "8" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that, at all relevant times, Cigna served as the claims administrator under the Plan and that Cigna Behavioral Health ("CBH") performed medical necessity review of claims for mental health and substance abuse treatment, and that the Plan offers health benefits, including certain mental health benefits, to certain Form Factor, Inc. employees and their beneficiaries.

**FACTS**

9. Cigna denies each and every allegation in paragraph "9" of the Complaint as alleged and respectfully refers the Court to the governing Plan documents for the terms, conditions, limitations and exclusions set forth therein.

10. Admitted.

11. Admitted.

12. Cigna denies each and every allegation in paragraph "12" of the Complaint as alleged and respectfully refers the Court to the governing Plan documents for the terms, conditions, limitations and exclusions set forth therein.

13. Cigna admits that the Plan contains the quoted definition for "Medically Necessary." Cigna respectfully refers the Court to the governing Plan documents for the complete set of the Plan's terms, conditions, limitations and exclusions, and denies each and every allegation in paragraph 13 that is inconsistent with those terms, conditions, limitations and exclusions.

14. Cigna denies each and every allegation in paragraph "14" of the Complaint as alleged and respectfully refers the Court to the governing Plan documents for the terms, conditions, limitations and exclusions set forth therein.

15. Paragraph 15 contains legal conclusions to which no response is required; to the extent a response is required, Cigna denies each and every allegation in paragraph "15" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

16. Paragraph 16 contains legal conclusions to which no response is required; to the extent a response is required, Cigna denies each and every allegation in paragraph "16" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

17. Paragraph 17 contains legal conclusions to which no response is required; to the extent a response is required, Cigna denies each and every allegation in paragraph "17" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

18. Cigna's knowledge of Plaintiff's medical and treatment history is limited to the records that Cigna had access to during the course of its review of Plaintiff's benefits claims; Cigna respectfully refers the Court to the complete administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the information accessible to Cigna at the time of its benefits determinations and otherwise denies the allegations in paragraph 18 of the Complaint based on lack of firsthand knowledge or information sufficient to form a belief as to the truth of such allegations.

19. Cigna's knowledge of Plaintiff's medical and treatment history is limited to the records that Cigna had access to during the course of its review of Plaintiff's benefits claims; Cigna respectfully refers the Court to the complete administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the information accessible to Cigna at the time of its benefits determinations and otherwise denies the allegations in paragraph 19 of the Complaint based on lack of firsthand knowledge or information sufficient to form a belief as to the truth of such allegations.

20. Cigna's knowledge of Plaintiff's medical and treatment history is limited to the records that Cigna had access to during the course of its review of Plaintiff's benefits claims; Cigna respectfully refers the Court to the complete administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the information accessible to Cigna at the time of its benefits determinations and otherwise denies the allegations in paragraph 20 of the Complaint based on lack of firsthand knowledge or information sufficient to form a belief as to the truth of such allegations.

21. Cigna's knowledge of Plaintiff's medical and treatment history is limited to the records that Cigna had access to during the course of its review of Plaintiff's benefits claims; Cigna respectfully refers the Court to the complete administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the information accessible to Cigna at the time of its benefits determinations and otherwise denies the allegations in paragraph 21 of the Complaint based on lack of firsthand knowledge or information sufficient to form a belief as to the truth of such allegations.

22. Cigna's knowledge of Plaintiff's medical and treatment history is limited to the records that Cigna had access to during the course of its review of Plaintiff's benefits claims; Cigna respectfully refers the Court to the complete administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the information accessible to Cigna at the time of its benefits determinations and otherwise denies the allegations in paragraph 22 of the Complaint based on lack of firsthand knowledge or information sufficient to form a belief as to the truth of such allegations.

23. Cigna's knowledge of Plaintiff's medical and treatment history is limited to the records that Cigna had access to during the course of its review of Plaintiff's benefits claims; Cigna

1  respectfully refers the Court to the complete administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the information accessible to Cigna at the time of its benefits determinations and otherwise denies the allegations in paragraph 23 of the Complaint based on lack of firsthand knowledge or information sufficient to form a belief as to the truth of such allegations.

24. Cigna's knowledge of Plaintiff's medical and treatment history is limited to the records that Cigna had access to during the course of its review of Plaintiff's benefits claims; Cigna respectfully refers the Court to the complete administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the information accessible to Cigna at the time of its benefits determinations and otherwise denies the allegations in paragraph 24 of the Complaint based on lack of firsthand knowledge or information sufficient to form a belief as to the truth of such allegations.

25. Cigna's knowledge of Plaintiff's medical and treatment history is limited to the records that Cigna had access to during the course of its review of Plaintiff's benefits claims; Cigna respectfully refers the Court to the complete administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the information accessible to Cigna at the time of its benefits determinations and otherwise denies the allegations in paragraph 25 of the Complaint based on lack of firsthand knowledge or information sufficient to form a belief as to the truth of such allegations.

26. Cigna denies each and every allegation in paragraph "26" of the Complaint as alleged and respectfully refers to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

27. Cigna denies each and every allegation in paragraph "27" of the Complaint as alleged and respectfully refers to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

28. Cigna denies each and every allegation in paragraph "28" of the Complaint as alleged and respectfully refers to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

29. Cigna denies each and every allegation in paragraph "29" of the Complaint as alleged and respectfully refers to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that Plaintiff submitted claims for certain care provided to G.E. at Blue Fire Wilderness Therapy and Waterfall Canyon Academy.

30. Cigna denies each and every allegation in paragraph "30" of the Complaint as alleged and respectfully refers to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that Cigna denied claims for certain care provided to G.E.

31. Cigna denies each and every allegation in paragraph "31" of the Complaint as alleged and respectfully refers to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

32. Cigna denies each and every allegation in paragraph "32" of the Complaint as alleged and respectfully refers to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

33. Cigna denies each and every allegation in paragraph "33" of the Complaint as alleged and respectfully refers to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

34. Cigna denies each and every allegation in paragraph "34" of the Complaint as alleged and respectfully refers to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

35. Admitted.

36. Cigna denies each and every allegation in paragraph "36" of the Complaint.

37. Cigna denies each and every allegation in paragraph "37" of the Complaint as alleged and respectfully refers to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein. Cigna respectfully refers all questions of law to the Honorable Court.

38. Cigna denies each and every allegation in paragraph "38" of the Complaint.

39. Cigna denies each and every allegation in paragraph "39" of the Complaint.

40. Cigna denies each and every allegation in paragraph "40" of the Complaint.

41. Cigna denies each and every allegation in paragraph "41" of the Complaint.

DEFENDANT CIGNA HEALTH & LIFE INSURANCE COMPANY'S ANSWER TO COMPLAINT
4:21-CV-10012-YGR                                   8
24884020-v1

1    42.    Cigna denies each and every allegation in paragraph "42" of the Complaint.

2    43.    Cigna denies each and every allegation in paragraph "43" of the Complaint.

3    44.    Cigna denies each and every allegation in paragraph "44" of the Complaint as alleged and respectfully refers to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein. Cigna respectfully refers all questions of law to the Honorable Court.

    45.    Cigna denies each and every allegation in paragraph "45" of the Complaint as alleged and respectfully refers to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein. Cigna respectfully refers all questions of law to the Honorable Court.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

**Recovery of Benefits Due Under ERISA Benefit Plan; Enforcement and Clarification of Rights, Prejudgment and Post Judgment Interest, and Attorneys' Fees and Costs, Pursuant to ERISA Section 502(a)(1)(B), 29 U.S.C. Section 1132(a)(1)(B)**

    46.    Cigna repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "45" inclusive, with the same force and effect as if more fully set forth at length herein.

    47.    Cigna denies each and every allegation in paragraph "47" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

    48.    Cigna denies each and every allegation in paragraph "48" of the Complaint as alleged, respectfully refers to the administrative record pertaining to Plaintiff's claims kept and

1  maintained by Cigna in the regular course and scope of its business for the contents thereof as to
2  the facts and circumstances recorded therein, and respectfully refers all question of law to the
3  Honorable Court.

4      49.    Denies each and every allegation in paragraph "49" of the Complaint as alleged and
5  respectfully refers all questions of law to the Honorable Court.

6      50.    Denies each and every allegation in paragraph "50" of the Complaint and
7  respectfully refers all questions of law to the Honorable Court.

## SECOND CAUSE OF ACTION

**Breach of Fiduciary Duty Under ERISA §502(a)(3), 29 U.S.C. Section 1132(a)(3)**

10      51.    Cigna repeats, reiterates and realleges each and every response to the allegations
11  contained in paragraphs "1" through "50" inclusive, with the same force and effect as if more fully
12  set forth at length herein

13      52.    Cigna denies each and every allegation in paragraph "52" of the Complaint as
14  alleged and respectfully refers all questions of law to the Honorable Court.

15      53.    Cigna denies each and every allegation in paragraph "53" of the Complaint as
16  alleged and respectfully refers all questions of law to the Honorable Court.

17      54.    Cigna denies each and every allegation in paragraph "54" of the Complaint as
18  alleged and respectfully refers all questions of law to the Honorable Court.

19      55.    Cigna denies each and every allegation in paragraph "55" of the Complaint as
20  alleged and respectfully refers all questions of law to the Honorable Court.

21      56.    Cigna denies each and every allegation in paragraph "56" of the Complaint as
22  alleged and respectfully refers all questions of law to the Honorable Court.

57. Cigna denies each and every allegation in paragraph "57" of the Complaint as alleged, respectfully refers to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, and respectfully refers all question of law to the Honorable Court.

58. Cigna denies each and every allegation in paragraph "58" of the Complaint as alleged, respectfully refers to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, and respectfully refers all question of law to the Honorable Court.

59. Cigna denies each and every allegation in paragraph "59" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

60. Cigna denies each and every allegation in paragraph "60" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

61. Cigna denies each and every allegation in paragraph "61" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

62. Cigna denies that Plaintiff is entitled to the relief sought in paragraph "62" of the Complaint, and respectfully refers all questions of law to the Honorable Court.

63. Cigna denies that Plaintiff is entitled to the relief sought in paragraph "63" of the Complaint, and respectfully refers all questions of law to the Honorable Court.

64. Cigna denies that Plaintiff is entitled to the relief sought in paragraph "64" of the Complaint, and respectfully refers all questions of law to the Honorable Court.

65. Cigna denies that Plaintiff is entitled to the relief sought in paragraph "65" of the Complaint, and respectfully refers all questions of law to the Honorable Court.

66. Cigna denies that Plaintiff is entitled to the relief sought in paragraph "66" of the Complaint, and respectfully refers all questions of law to the Honorable Court.

## AFFIRMATIVE DEFENSES

Cigna hereby asserts the following Affirmative Defenses, and does so without regard to which Party bears the burden of proof as to any such Defenses:

## FIRST AFFIRMATIVE DEFENSE

This action and each allegation and purported causes of action asserted therein fail to state facts sufficient to constitute a cognizable claim for relief against Cigna.

## SECOND AFFIRMATIVE DEFENSE

Cigna acted reasonably and in good faith at all times material herein based on relevant facts and circumstances known by it at the time it so acted and pursuant to the Plan. Accordingly, Plaintiff is barred from recovery for his claims against Cigna in this action.

## THIRD AFFIRMATIVE DEFENSE

All actions about which Plaintiff complains against Cigna were either required or permitted by the applicable law.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to plead facts to support his claim against Cigna for breach of its "fiduciary duty as Plan Administrator" because Cigna is not the designated Plan Administrator.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to plead facts to support his claim against Cigna for breach of its "fiduciary duty as Plan Administrator" because Plaintiff's claim for breach of fiduciary duty is impermissibly duplicative of his claim for Plan benefits.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's recovery against Cigna, if any, is limited by the terms, conditions, limitations, exclusions, and other provisions of the Plan.

### SEVENTH AFFIRMATIVE DEFENSE

The claims and remedies sought by the Plaintiff are limited solely to those provided under ERISA, and all remedies and claims made by the Plaintiff not provided for under ERISA are preempted, including any claims that Cigna failed to comply with any state law when providing services for the Plan.

### EIGHTH AFFIRMATIVE DEFENSE

The Court's review of Plaintiff's claims against Cigna is limited to the correspondence, notes and documents contained in the administrative record kept and maintained by Cigna and/or Cigna Behavioral Health in the regular course of its business.

### NINTH AFFIRMATIVE DEFENSE

Cigna and Cigna Behavioral Health, as third-party administrators for the Plan, have been granted complete authority to review all claims for benefits under the Plan and discretionary authority to determine whether and to what extent participants and beneficiaries are entitled to benefits and to construe the terms of the Plan, and Cigna and Cigna Behavioral Health are deemed to have properly exercised this authority unless they abused their discretion by acting arbitrarily and capriciously. Cigna and Cigna Behavioral Health's decision-making was not arbitrary or capricious and, therefore, the Court cannot disturb Cigna and Cigna Behavioral Health's determination concerning Plaintiff's claim for benefits under the Plan.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust his administrative remedies under the Plan.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has not properly pled a claim for attorneys' fees and any such claim is unwarranted and premature.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the final, binding decision of the Independence Medical Review (IMR) filed with the California Department of Insurance related to the treatment at issue.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent Plaintiff relies on *Wit, et al. v. United Behavioral Health*, 2019 WL 1033730 (N.D. Cal. March 5, 2019) (*see* Compl., ¶ 38), as the district court's judgment in that case was reversed in full on the merits by the United States Court of Appeals for the Ninth Circuit. *See Wit v. United Behavioral Health*, 2022 WL 850647 (9th Cir. Mar. 22, 2022).

### FOURTEENTH AFFIRMATIVE DEFENSE

Cigna complied with all Plan terms in determining that Plaintiff's benefit claims were not covered, consistent with the *Wit* decision.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to allege the circumstances relating to the claims asserted therein with sufficient particularity to enable Cigna to determine whether it may have additional defenses in this action. Therefore, Cigna reserves the right to assert such additional defenses if they later become apparent.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Cigna Health & Life Insurance Company prays:

1. That the action be dismissed, or that judgment be entered in favor of Cigna and against Plaintiff;

2. That Cigna be awarded costs of suit incurred herein;

3. That Cigna be awarded reasonable attorneys' fees; and

4. That Cigna be awarded such other and further relief as the Court may deem just and proper.

DATED this 20th day of April, 2022.

          /s/ James Landon Mink
James Landon Mink
WFBM LLP
601 Montgomery Street, 9th Floor
San Francisco, CA 94111
Telephone: (415) 781-7072
jmink@wfbm.com

Michael H. Bernstein, *pro hac vice pending*
ROBINSON & COLE LLP
666 3rd Avenue, 20th Floor
New York, New York 10022
Telephone: (212) 940-9900
mbernstein@rc.com

Katherine M. Katchen, *pro hac vice pending*
ROBINSON & COLE LLP
1650 Market Street, Suite 3030
Philadelphia, PA 19103
Telephone: (215) 398-0557
kkatchen@rc.com

*Attorneys for Defendant*
*Cigna Health & Life Insurance Company*